1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

THOMAS CAVNER,
CO #000056-2,

                    Plaintiff,

        vs.

DR. RICHARD MAY,

                    Defendant.

Civil No.    08-1159 MJL (CAB)

**ORDER SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

## I.

### PROCEDURAL HISTORY

On August 7, 2008, Plaintiff, a civil committee currently held at Coalinga State Hospital located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  The Court granted Plaintiff's Motion to Proceed *IFP* on September 30, 2008 [Doc. No. 10].

1  On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz

2  for all further proceedings [Doc. No. 11].

3  **II.**

4  **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

5  The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

6  filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained

7  in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

8  criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

9  program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

10  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any

11  portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

12  defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

13  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

14  446 (9th Cir. 2000) (§ 1915A).

15  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

16  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is

17  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

18  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

19  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

20  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection

21  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

22  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

23  (discussing 28 U.S.C. § 1915A).

24  "[W]hen determining whether a complaint states a claim, a court must accept as true all

25  allegations of material fact and must construe those facts in the light most favorable to the

26  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

27  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

28  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

1   839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

2   *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

3        Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

4   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

5   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

6   United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

7   *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

8   1350, 1354 (9th Cir. 1985) (en banc).

9        In his Complaint, Plaintiff alleges Defendant May "entered false and misleading

10  information in the plaintiff's medical record" which he claims resulted in his civil commitment

11  in Coalinga State Hospital. (*See* Compl. at 4-5.)   However, these claims amount to an attack

12  on the constitutional validity of Plaintiff's civil commitment proceeding, and as such, may not

13  be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that civil commitment

14  has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Huftile*

15  *v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005) (Ninth Circuit applying the *Heck*

16  favorable termination rule to civil commitment proceedings.)

17       "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to

18  remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en

19  banc).  A prisoner in state custody simply may not use a § 1983 civil rights action to challenge

20  the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The

21  prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78

22  (2005) (*quoting Preiser*, 411 U.S. at 489).  Thus, Plaintiff's § 1983 action "is barred (absent

23  prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target

24  of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that

25  action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*,

26  544 U.S. at 82.

27  / / /

28  / / /

1    In this case, Plaintiff's claims "necessarily imply the invalidity" of his civil commitment.

2    *Heck*, 512 U.S. at 487.  In creating the favorable termination rule in *Heck*, the Supreme Court

3    relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging

4    the validity of outstanding criminal judgments."  *Heck*, 511 U.S. at 486.  This is precisely what

5    Plaintiff attempts to accomplish here.  Therefore, to satisfy *Heck's* "favorable termination" rule,

6    Plaintiff must first allege facts which show that the conviction and/or civil commitment which

7    forms the basis of his § 1983 Complaint has already been:  (1) reversed on direct appeal;

8    (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such

9    a determination; or (4) called into question by the grant of a writ of habeas corpus.  *Heck*, 512

10   U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

11   Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*.  Thus, a suit for money

12   damages based on his civil commitment is not yet cognizable.  *Huftile*, 410 F.3d at 1140.

13   Accordingly, because Plaintiff seeks damages for allegedly unconstitutional civil commitment

14   proceedings,  and because he has not shown that his commitment has been invalidated, either

15   by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for

16   damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be

17   dismissed without prejudice.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.

18   1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed

19   without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in

20   invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251,

21   255 (9th Cir. 1997).

22                                         **III.**

23                              **CONCLUSION AND ORDER**

24   Good cause appearing, **IT IS HEREBY ORDERED** that:

25   Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without  prejudice for failing to state

26   a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

27   However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is  "Filed"

28   in which to file a First Amended Complaint which cures all the deficiencies of pleading noted

K:\COMMON\EVERYONE\_EFILE-PROSE\L\08cv1159-Dismiss.wpd          -4-                                    08cv1159

1  above.  Defendants not named and all claims not re-alleged in the Amended Complaint will be

2  deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3        Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

4   may be granted, it may be dismissed without further leave to amend and may hereafter be

5  counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

6  (9th Cir. 1996).

7

8  DATED:  January 26, 2009

9                                                            _____
                                                             M. James Lorenz
10                                                           United States District Court Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28