# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| THOMAS CAVNER,<br>CO #000056-2,<br><br>        Plaintiff,<br><br>vs.<br><br>DR. RICHARD MAY,<br><br>        Defendant. | Civil No. 08-1159 MJL (CAB)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)** |

## I.

### PROCEDURAL HISTORY

On August 7, 2008, Plaintiff, a civil committee currently held at Coalinga State Hospital located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on September 30, 2008 [Doc. No. 10].

On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz for all further proceedings [Doc. No. 11]. The Court sua sponte reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that Plaintiff's claims were not yet cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir 2005). *See* Jan. 26, 2009 Order at 4-5. Plaintiff was permitted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 5. Plaintiff filed his First Amended Complaint ("FAC") on April 24, 2009.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) now mandates that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

///

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's First Amended Complaint varies very little from his original Complaint which the Court previously dismissed for failing to state a claim. Plaintiff alleges that Defendant Richard May, a staff psychologist at Coalinga State Hospital, prepared a false report that Plaintiff believes will be used against him in his future commitment proceeding by the District Attorney's Office. *See* Compl. at 5.

Plaintiff's request for money damages as a result of the use of this allegedly false report in his civil commitment proceeding would necessarily call into question the validity of his civil commitment proceedings. Thus, these claims amount to an attack on the constitutional validity of Plaintiff's civil commitment proceedings, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that the civil commitment hearing has already been invalidated. *Heck*, 512 U.S. at 486-87; *see also Huftile*, 410 F.3d at 1129.

As the Court informed Plaintiff in its prior Order, Plaintiff must allege facts which show that his civil commitment which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a

writ of habeas corpus. *See* Jan. 26, 2009 Order at 4 (citing *Heck*, 512 U.S. at 487)). Here, once again, Plaintiff does not allege any facts to show that his civil commitment proceedings have been invalidated. Accordingly, because Plaintiff has failed to show that his civil commitment proceedings have been invalidated, the Court must dismiss this action as not yet cognizable pursuant to *Heck* and *Huftile.*

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED: May 4, 2009

M. James Lorenz
United States District Court Judge